**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **JOSE FRANKLIN, a/k/a JOSE FRANKLIN-MONICA**, IDOC # B32970, | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )   **CIVIL NO. 12-320-GPM** |
| | ) |
| **JESSE JOHNSON, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Jose Franklin, a/k/a Jose Franklin-Monica, a prisoner in the custody of the Illinois Department of Corrections ("IDOC") who currently is incarcerated in the Stateville Correctional Center, brings this action pro se pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights by persons acting under color of state law.[1]  Franklin's complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A, which provides, in relevant part:

> (a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) Grounds for Dismissal. – On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted[.]

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which

---

1.    For the sake of simplicity, the Court will refer to Plaintiff as Franklin, rather than as Franklin-Monica, throughout this Order.

relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Though a court is obligated to accept factual allegations as true, "some factual allegations will be so sketchy or implausible that they fail to provide sufficient notice to defendants of the plaintiff's claim." *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Also, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.  However, the factual allegations of a pro se complaint are to be liberally construed.  *See Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

According to the allegations of Franklin's pro se complaint in this case, on October 29, 2010, while Franklin was incarcerated at the Big Muddy River Correctional Center ("Big Muddy"), Franklin was punched in the face by a fellow Big Muddy inmate named Edwards.  Franklin alleges that two guards at Big Muddy, Defendants Jesse Johnson and Buddy Taylor, were aware that Edwards had threatened Franklin, but failed to protect Franklin from Edwards.  As a result of the incident, Johnson and Taylor charged Franklin with fighting.  Franklin then was taken to segregation by Defendant Lt. Cherim, who, Franklin alleges, refused to allow Franklin to seek medical care for the injuries Franklin had suffered due to his altercation with Edwards.  Defendants Randy Valdez and Mike Sanders, who are, respectively, a guard and a counselor at Big Muddy, sat on an adjustment committee that found Franklin guilty of the disciplinary charge issued against Franklin by Johnson and Taylor.  As a result of the adjustment committee proceeding, which Franklin

contends was unfair because Franklin was not permitted to call witnesses, Franklin was placed on a higher security level and ordered to be transferred to a different prison in the IDOC system. On November 13, 2010, Franklin alleges further, Franklin missed a dose of the medication that Franklin takes regularly for human immunodeficiency virus ("HIV").  When Franklin asked Cherim about his medication, Cherim allegedly replied, "I don't give a fuck about that, that's just too bad." Doc. 1 at 12 ¶ 20.  It appears that Franklin's failure to receive his HIV medication on November 13 was the result of an error by Defendant K. Minor, a pharmacist at Big Muddy.  Finally, Franklin alleges that various grievances he filed concerning conditions at Big Muddy were ignored by Defendant Randy Evans, the warden of Big Muddy.  Franklin seeks damages in a total amount of $120,000.

With respect to Franklin's claims against Johnson, Taylor, Valdez, and Sanders, these claims are barred by the familiar rule of *Heck v. Humphrey*, 512 U.S. 477 (1994).  Under *Heck*, of course, a plaintiff convicted or sentenced for an offense may not bring an action under 42 U.S.C. § 1983 where "a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence," save when "the plaintiff can demonstrate that the conviction or sentence has already been invalidated." 512 U.S. at 487.  Thus, "when a prisoner seeks damages under federal civil rights law for 'harm caused by actions whose unlawfulness would render a conviction or sentence invalid,' the prisoner must as a condition of maintaining the suit show that the conviction or sentence has been invalidated either by the state which rendered it, or by a federal court in a proceeding for habeas corpus."  *Miller v. Indiana Dep't of Corr.*, 75 F.3d 330, 331 (7th Cir. 1996) (quoting *Heck*, 512 U.S. at 486).  Were the Court to find that Johnson and Taylor failed to protect Franklin, this necessarily would imply the invalidity of the disciplinary charge for fighting for which Franklin

was convicted.  Similarly, if the Court found that the adjustment committee proceeding at which Franklin was convicted of fighting was unfair, this necessarily would imply the invalidity of the sentence passed on Franklin by the committee. Inasmuch as Franklin does not claim that his disciplinary conviction has been overturned, the Court concludes that Franklin's claims based on an alleged failure to protect Franklin by Johnson and Taylor and the alleged unfairness of the disciplinary proceedings at which Franklin was found guilty of fighting by Valdez and Sanders are barred by *Heck*.[2]

With respect to Franklin's claims against Cherim and Minor, these are essentially claims of deliberate indifference to Franklin's serious medical needs.  In general, the Eighth Amendment "imposes upon prison officials the duty to 'provide humane conditions of confinement,' including the obligation to provide medical care to those whom [they have] incarcerated[.]"  *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). "Deliberate indifference involves a two-part test.  The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his

---

2.    The Court notes that, even were Franklin's claim against Valdez and Sanders not barred by *Heck*, Franklin nonetheless has not stated a claim for a violation of his right to due process. In general, a prisoner has no protected liberty interest in being in the general population of a prison or at a particular prison, or in being assigned a particular classification status.  *See Hewitt v. Helms*, 459 U.S. 460, 466-67 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n.9 (1976); *Meachum v. Fano*, 427 U.S. 215, 225 (1976).  There is, of course, an exception to this rule where the conditions of confinement faced by a prisoner present "atypical and significant hardship . . . in relation to the ordinary incidents of prison life."  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  However, terms of segregated confinement of six months or less generally do not implicate a liberty interest, and the only IDOC facility that has been recognized in the Seventh Circuit as presenting conditions of confinement so harsh as to give rise to a liberty interest in avoiding imprisonment there is the supermax prison at the Tamms Correctional Center.  *See Marion v. Columbia Corr. Inst.*, 559 F.3d 693, 697 & n.2 (7th Cir. 2009) (collecting cases); *Westefer v. Snyder*, 725 F. Supp. 2d 735, 769 (S.D. Ill. 2010).

medical needs, which is a subjective standard." *Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). As a rule, "the normal incidents of fighting," e.g., bruising, abrasions, and so forth, do not constitute an objectively serious medical need for Eighth Amendment purposes. *See Scholes v. Fayette County Jail*, Civil No. 11-140-GPM, 2011 WL 2115874, at *4 (S.D. Ill. May 26, 2011) (collecting cases). Thus, Franklin's claim that Cherim refused to allow Franklin to seek medical care after Franklin's altercation with Edwards does not amount to an Eighth Amendment violation. With respect to Franklin's claim that on November 13, 2010, he missed a dose of his HIV medication, deliberate indifference for purposes of the Eighth Amendment is "the functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991). Also, to find deliberate indifference, there must be "substantial indifference in the individual case, indicating more than mere negligent or isolated occurrences of neglect." *Gutierrez v. Peters*, 111 F.3d 1364, 1375 (7th Cir. 1997). Thus, "[a] finding that a defendant's neglect of a prisoner's condition was an isolated occurrence, . . . or an isolated exception . . . to the defendant's overall treatment of the prisoner ordinarily militates against a finding of deliberate indifference." *Id*. (quotation omitted). In this instance Franklin alleges that on one occasion he missed a dose of his HIV medication. This amounts at most to negligence on the part of Cherim and Minor, which does not rise to the level of an Eighth Amendment violation. *See Snipes v. DeTella*, 95 F.3d 586, 590 (7th Cir. 1996) ("Mere negligence or even gross negligence does not constitute deliberate indifference."). The Court concludes that Franklin has not stated a constitutional claim against Cherim and Minor.[3]

---

3.    Finally, with respect to Franklin's claim against Warden Evans, it is well established that a prison official's failure to act on a prisoner's grievances does not amount to a violation of the prisoner's constitutional rights. *See George v. Smith*, 507 F.3d 605, 609-10 (7th Cir. 2007).

To conclude, pursuant to 28 U.S.C. § 1915A(b)(1), the Court finds that this case is frivolous, and therefore this case is **DISMISSED with prejudice**.  Franklin is advised that the dismissal of this case will count as one of his three allotted "strikes" under 28 U.S.C. § 1915(g).  Franklin's motion for leave to proceed in form pauperis in this case (Doc. 2) is **DENIED as moot**.  The Clerk of Court will enter judgment in accordance with this Order.

**IT IS SO ORDERED.**

DATED:  April 21, 2012

/s/ G. Patrick Murphy
G. PATRICK MURPHY
United States District Judge