IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSE FRANKLIN, a/k/a JOSE FRANKLIN-MONICA, IDOC # B32970 | )<br>)<br>) |
| **Plaintiff,** | )<br>) |
| vs. | ) CIVIL NO. 12-320-GPM<br>)<br>) |
| JESSE JOHNSON, | )<br>) |
| **Defendant.** | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

    This matter comes before the Court on a motion for reconsideration (Doc. 9) filed by Plaintiff Jose Franklin.  This case initially came before the Court pursuant to 28 U.S.C. § 1915A for the purpose of threshold review.  After carefully examining Mr. Franklin's complaint (Doc. 1), the Court determined Mr. Franklin's claims were frivolous and thus warranted dismissal (Doc. 7).  Mr. Franklin also incurred a strike for his frivolous filing (Doc. 7).  He now asks the Court to reconsider its prior decision dismissing this case and directs the Court's attention to several cases Mr. Fanklin believes the Court should have considered in its analysis of this case (*See* Doc. 9).

    The Federal Rules of Civil Procedure do not specifically address motions to "reconsider." However, the Seventh Circuit has held that a motion challenging the merits of a district court order will automatically be considered as having been filed pursuant to Rule 59(e) or Rule 60(b) of the Federal Rules of Civil Procedure.  *See, e.g. Mares v. Busby*, 34 F.3d 533, 535 (7th Cir. 1994); *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir. 1992).

Motions to reconsider are essentially "a request that the [court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004)(internal quotation omitted). Yet, "[r]econsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the motion." *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996).

Federal Rule of Procedure 59(e) and 60(b) each provide for a specific type of motion, but both share the ultimate goal of erasing the finality of a judgment and allowing for further proceedings. "Rule 59(e) governs motions to 'alter or amend' a judgment; Rule 60(b) governs relief from a judgment or order for various listed reasons." *Helm v. Resolution Trust Corp*., 43 F.3d 1163, 1166 (7th Cir. 1995). It is also important to note that "Rule 59(e) generally requires a lower threshold of proof than does 60(b) . . . ." *Id*.

Where a substantive motion for reconsideration is filed within twenty-eight days of entry of the order, the Court usually construes these as a motion filed under Federal Rule of Procedure 59(e). *Busby*, 34 F.3d at 535. Here, Mr. Franklin filed his motion more than twenty-eight days after the Court docketed its Order of dismissal (*See* Doc. 5 *compared with* Doc. 9). Moreover, Mr. Franklin's motion to reconsider is premised on his belief that the Court erred in not considering the case law he has cited in the instant motion (Doc. 9). Accordingly, the Court construes Mr. White's motion under Federal Rule of Procedure 60(b).

The Court devoted significant time to analyzing Mr. Franklin's claims as they relate to the binding Seventh Circuit and Supreme Court precedent (*See* Doc. 5). Nearly all of the Supreme Court cases cited by Mr. Franklin in support of reconsideration actually *were* considered by this

Court in its prior Order *See* Doc. 9 *compared with* Doc. 5). The cases cited by Mr. Franklin note mentioned in this Court's prior Order do nothing to change the outcome of this case. The remaining cases cited by Mr. Franklin, which are a Second Circuit case and a D.C. Circuit case, do not represent a change in the law; nor do these cases persuade the Court it was wrong to dismiss Mr. Franklin's complaint as frivolous. Accordingly, Mr. Franklin's motion for reconsideration (Doc. 9) is **DENIED**.

**IT IS SO ORDERED.**

**DATED**: March 4, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge